```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 18-05146-RNO
Vasa Ardelean, Jr.                                                      Chapter 13
Ana Ardelean
        Debtors                     CERTIFICATE OF NOTICE
District/off: 0314-5          User: CKovach                 Page 1 of 2                  Date Rcvd: Jan 17, 2019
                              Form ID: pdf002               Total Noticed: 42


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2019.
db/jdb         +Vasa Ardelean, Jr.,    Ana Ardelean,    219 S. Cedar St.,    Hazleton, PA 18201-7142
5138812        +AmeriFinancial Solutions, LLC,    P.O. Box 602570,    Charlotte, NC 28260-2570
5138811        +American Med Systems,    1519 Boerrler Rd., Ste. A,     Uniontown, OH 44685-8391
5138814        +Arcadia Recovery Bureau, LLC,    P.O. Box 6768,    Wyomissing, PA 19610-0768
5138815         Bayview Loan Servicing, LLC,    P.O. Box 650091,    Dallas, TX 75265-0091
5138817         Berkheimer Tax Administrator,    P.O. Box 25144,    Lehigh Valley, PA 18002-5144
5138818        +Berwick Hospital Center,    701 E. 16th St.,,    Berwick, PA 18603-2397
5138819        +Certegy Check Services, Inc,    P.O. Box 30046,    Tampa, FL 33630-3046
5138821        +Credit Protection,    P.O. Box 802068,    Dallas, TX 75380-2068
5138823        +Debt Recovery Solutions, LLC,    900 Merchants Concourse, Ste.LL-,     Westbury, NY 11590-5142
5138825        +First National Community Bank,    102 East Drinker St.,    Dunmore, PA 18512-2491
5138826         First Premier Bank,    P.O. Box 5524,    Sioux Falls, SD 57117-5524
5138827        +Foundation Radiology Group,    Three Gateway Ctr., 20th Fl,    401 Liberty Ave., Ste. 2000,
                 Pittsburgh, PA 15222-1029
5138828        +Greater Hazleton Joint Sewer Authority,     500 Oscar Thomas Drive,    P.O. Box 651,
                 Hazleton, PA 18201-0651
5138829         Hazleton City Authority,    400 E. Arthur Gardner Pkwy.,    Hazleton, PA 182010-7395
5138830        +Hladik, Onorato & Federman, LLP,    298 Wissahickon Avenue,    North Wales, PA 19454-4156
5138831        +Intermountain Medical Group,    190 Welles St., Ste. 166,    Kingston, PA 18704-4961
5138832        +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
5138833        +Lehigh Valley Physician Group,    P.O. Box 1754,    Allentown, PA 18105-1754
5138836        +Luzerne County Tax Claim Bureau,    c/o Northeast Revenue Service,     200 N. River St.,
                 Wilkes-Barre, PA 18711-1004
5138841         PPL Electric Utilities,    827 Hausman Rd.,    Allentown, PA 18104-9392
5138839        #Penn Credit Corp.,    916 South 14th Street,    P.O. Box 988,    Harrisburg, PA 17108-0988
5138842        +Pro Rehabilitation Services,    106 Rotary Drive,    West Hazleton, PA 18202-1182
5138843        +Professional Account Svcs.,    P.O. Box 188,    Brentwood, TN 37024-0188
5138845        +Sacred Heart Healthcare System,    421 Chew St.,    Allentown, PA 18102-3430
5138846        +Safe Home Security, Inc.,    1125 Middle St.,    Middleton, CT 06457-1686
5138847        +Service Electric Cablevision,    380 Maplewood Dr.,    Hazle Twp, PA 18202-8200
5138849        +Tek Collect,   P.O. Box 1269,    Columbus, OH 43216-1269
5138850         Ustynoski & Marusak, LLC,    101 W. Broad St.,    Hazleton, PA 18201-6394

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5138816        +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jan 17 2019 19:21:35
                 Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd., 5th Floor,
                 Coral Gables, FL 33146-1837
5138820        +E-mail/Text: vmcpherson@creditmanagementcompany.com Jan 17 2019 19:21:34
                 Credit Management Co.,    2121 Noblestown Rd.,    Pittsburgh, PA 15205-3956
5138822        +E-mail/PDF: creditonebknotifications@resurgent.com Jan 17 2019 19:22:16      CreditOne,
                 P.O. Box 98873,    Las Vegas, NV 89193-8873
5138824        +E-mail/Text: bankruptcy@fncbinc.com Jan 17 2019 19:21:13
                 First National Collection Bureau, Inc.,    610 Waltham Way,    Sparks, NV 89437-6695
5138835        +E-mail/Text: support@ljross.com Jan 17 2019 19:21:22      LJ Ross Associates, Inc.,
                 4 Universal Way,    Jackson, MI 49202-1455
5138837        +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2019 19:22:35      LVNV Funding LLC,
                 P.O. Box 10497,    Greenville, SC 29603-0497
5145877         E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2019 19:22:17      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5138838        +E-mail/Text: bankruptcydpt@mcmcg.com Jan 17 2019 19:21:27       Midland Credit Management,
                 2365 Northside Drive, Ste. 300,    San Diego, CA 92108-2709
5138975        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 17 2019 19:22:15
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5138844        +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2019 19:22:00
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5138848         E-mail/PDF: gecsedi@recoverycorp.com Jan 18 2019 03:38:56      Synchrony Bank/Sam's Club,
                 Attn: Bankruptcy Dept.,    P.O. Box 965060,    Orlando, FL 32896-5060
5138852         E-mail/Text: ebn@vativrecovery.com Jan 17 2019 19:21:22       Vativ Recovery Solutions, LLC,
                 As Agent For Palisades Acquisition IX LL,    P.O. Box 40728,    Sugar Land, TX 77240-0728
5138853        +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jan 17 2019 19:21:15
                 Verizon Bankruptcy Dept.,    500 Technology Drive,    Suite 550,    Weldon Spring, MO 63304-2225
                                                                                                TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5138813*       +Ana Ardelean,    219 S. Cedar St.,    Hazleton, PA 18201-7142
5138834*        Lehigh Valley Physician Group,    P.O. Box 1754,    Allentown, PA 18105-1754
5138851*       +Vasa Ardelean, Jr.,    219 S. Cedar St.,    Hazleton, PA 18201-7142
```

```
District/off: 0314-5           User: CKovach              Page 2 of 2                  Date Rcvd: Jan 17, 2019
                               Form ID: pdf002            Total Noticed: 42

5138840       ##+Porania, LLC,    P.O. Box 11405,    Memphis, TN 38111-0405
                                                                                       TOTALS: 0, * 4, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2019                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 17, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company bkgroup@kmllawgroup.com
              Tullio DeLuca    on behalf of Debtor 1 Vasa  Ardelean, Jr. tullio.deluca@verizon.net
              Tullio DeLuca    on behalf of Debtor 2 Ana  Ardelean tullio.deluca@verizon.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                            TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE: | CHAPTER 13
|
VASA ARDELEAN, JR., | CASE NO. 5-18-05146
a/k/a Vasa Ardelean |
|
ANA ARDELEAN |
|
| *  ORIGINAL PLAN
| __ AMENDED PLAN (Indicate 1ST, 2ND,
|    3RD, etc)
| __ Number of Motions to Avoid Liens
| 1  Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1.    **PLAN FUNDING AND LENGTH OF PLAN.**

A.   **Plan Payments From Future Income**

   1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date).  Debtor shall pay to the Trustee for the remaining term of the plan the following payments.  If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below.  The total base plan is $69,660.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/2019 | 12/2023 | $1,161.00 | $0.00 | $1,161.00 | $69,660.00 |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $69,660.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding.  Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:   (x ) Debtor is at or under median income.  *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

   (  ) Debtor is over median income.  Debtor estimates that a minimum of $ _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X   No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

\_\_\_\_ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20\_\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

Non exempt money from malpractice lawsuit only for creditors of Ana Ardelean.

**2. SECURED CLAIMS.**

    **A.** **Pre-Confirmation Distributions.** *Check one.*

  X   None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

\_\_\_\_ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

    **B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and**

**Other Direct Payments by Debtor. Check One.**

<u>X</u>  None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

___  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

<u>X</u>  None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

___  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

___  None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

__X__   The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Greater Hazleton Joint Sewer Auth | 217-219 Cedar St. Hazleton, PA 18201 | $2,037.47 | NA | $2,037.47 |
| Hazleton City Authority | 217-219 Cedar St. Hazleton, PA 18201 | $8,559.70 | NA | $8,559.70 |
| Luzerne County TCB c/o NE Revenue Service | 217-219 Cedar St. Hazleton, PA 18201 | $83.11 | 9% $20.89 | $104.00 |

E.   **Secured claims for which §506 valuation is applicable.**  Check one.

_____   None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

<u>X</u>   Claims listed in the subsection are debts secured by property not described in §2.D of this plan.  These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column).  To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing.  Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Bayview Loan Servicing, LLC | 217-219 Cedar St. Hazleton, PA 18201 | $43,000.00 | 4.0% $4,515.00 | $47,515.00 | Plan |
|  |  |  |  |  |  |

**F.  Surrender of Collateral**.  Check one.

<u>X</u>   None.  If "None" is checked, the rest of §2.F need not be completed or reproduced.

____   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.  The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

Case 5:18-bk-05146-RNO   Doc 26   Filed 01/19/19   Entered 01/20/19 00:40:16   Desc
Imaged Certificate of Notice   Page 8 of 14

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

  X   None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

  ____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

        1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's Fees.</u> Complete only one of the following options:

            a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

            b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a

Case 5:18-bk-05146-RNO    Doc 26    Filed 01/19/19    Entered 01/20/19 00:40:16    Desc
Imaged Certificate of Notice    Page 9 of 14

separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

  <u> X </u> None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  \_\_\_\_ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § (a)(1)(B).** Check one of the following two lines.

  <u> X </u> None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

  \_\_\_\_ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|

|  |  |
|--|--|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

Check the applicable line:

       plan confirmation.
       entry of discharge.
 X  closing of case.

**7. DISCHARGE: (Check one)**

(X)    The debtor will seek a discharge pursuant to § 1328(a).
(  )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:    Adequate Protection Payments
Level 2:    Debtor's Attorney Fees
Level 3:    Domestic Support Obligations
Level 4:    Secured Claims, Pro Rata
Level 5:    Priority Claims, pro rata
Level 6:    Specially classified unsecured claims
Level 7:    Timely filed general unsecured claims
Level 8:    Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

| | |
|---|---|
| **Chapter 13 Trustee** | $ 5,573.00 (est.) |
| **Tullio DeLuca, Esq.,** | $ 3,000.00 |
| **Bayview Loan Servicing, LLC** | $ 47,515.00 (allowed secured claim) |
| **Greater Hazleton Joint Sewer Auth.,** | $ 2,037.47 (allowed secured claim) |
| **Hazleton City Authority** | $ 8,559.70 (allowed secured claim) |
| **Luzerne County TCB c/o NE Revenue** | $ 104.00 (allowed secured claim) |
| **Unsecured Creditors - Pro-Rata Basis** | $ 2,870.83 |
| **Total:** | $ 69,660.00 |

**\*\*\*Debtors shall be responsible to pay real estate taxes and maintain insurance on the rental property.**

The Chapter 13 Trustee payment shall be made to the following address:

**CHARLES J. DEHART, III, ESQ.**
**P.O. BOX 7005**
**LANCASTER, PA 17604**

Dated: December 21, 2018           /s/Tullio DeLuca
                                   Attorney for Debtor

                                   /s/Vasa Ardelean, Jr.
                                   Debtor

                                   /s/Ana Ardelean
                                   Joint Debtor

Case 5:18-bk-05146-RNO    Doc 26    Filed 01/19/19    Entered 01/20/19 00:40:16    Desc
Imaged Certificate of Notice    Page 13 of 14

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.